UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

GLENNA M. LEWIS                                                                                           PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:10CV-710-S

HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY                          DEFENDANT

**MEMORANDUM OPINION**

This matter is before the court for consideration of the briefs on the merits addressing the claim of the plaintiff, Glenna M. Lewis, for wrongful denial of benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. In this action she claims that she is entitled to both short-term and long-term disability ("STD" and "LTD") benefits under an employee benefit plan established by her employer, Family Dollar Stores, and administered by Hartford Life and Accident Insurance Company ("Hartford").

Lewis began her employment as an Assistant Store Manager beginning in October, 2007. She ceased working after February 17, 2010 and sought short-term disability benefits due to fibromyalgia and a number of other ailments. Lewis verbally applied for STD benefits by calling in on February 18, 2010. She stated that she was disabled by chronic fatigue syndrome, fibromyalgia, a pinched nerve in her left leg, a bulging disc, and depression. She stated that these conditions caused her pain, fatigue, depression, and pain in her right foot.

Hartford obtained an Attending Physician Statement from Dr. John Baird on March 1, 2010. Hartford then approved Lewis for STD benefits from February 20, 2010 through March 18, 2010, the day immediately following her next scheduled appointment with Dr. Baird. After Hartford

received Dr. Baird's office visit note from the March 17, 2010 appointment, it requested clarification of a perceived disparity between Dr. Baird's findings on physical examination of her, and his continued conclusion that she had disabling limitations.  On examination, he had noted only "minimal tenderness all over," and noted that Lewis reported no side effect from her medications and a 70 % improvement in her pain with the medications.  Dr. Baird responded that "fibromyalgia has normal exams" and that the pain from fibromyalgia is disabling.  Hartford's internal medical reviewer concluded that the finding of disabling limitations was not supported after the March 17th physical examination.  Hartford notified Lewis that STD benefits were not payable after March 18, 2010:

> The medical documentation received does not illustrate a mental or functional impairment to such a degree that you would be unable to perform the duties of your occupation.  Keep in mind that we are not disputing the presence of a medical condition and/or symptoms, but its relationship to the performance of the duties of your regular occupation. Dr. Baird noted minimal muscle tenderness, which does not suggest a condition or symptoms of such a level of significance that a functional loss is expected or supported and reports of pain are not supported by the normal physical examination findings except for reports of minimal tenderness.  Therefore, we are unable to honor your claim for benefits and your claim is closed.

Hartford Letter to Lewis, April 7, 2010.

Lewis appealed the termination of STD benefits, and also appealed what she termed the "non-payment of LTD benefits."  Lewis never applied for LTD benefits.  Therefore, Hartford did not address that issue.  As LTD benefits were never sought, we similarly have nothing to review.

Lewis provided additional documentation in support of her claim for benefits.  This information was considered in deciding her appeal.  Lewis continued to be seen by Dr. Baird in April, May, June, and July, 2010.  Dr. Baird's office visit notes and his recorded statement given to Lewis' attorney were provided to Hartford.  Lewis returned to work at Family Dollar in August,

2010 after expiration of a period of medical leave. Hartford continued with its review to determine whether Lewis was entitled to any STD benefits after March 18, 2010.

By the end of June, all additional materials had been received from Lewis, and Hartford began its review process. Hartford sought review by (1) Dr. William Lichtenfeld, a physician board certified in Physical medicine and Rehabilitation with a subspecialty certificate in Pain Medicine, and (2) Dr. Antoinette Acenas, a board certified psychiatrist. These reviewing physicians contacted Dr. Baird and Ilene Bush, a therapist/counselor who saw Lewis twice in 2007 and once in March of 2010 for information concerning their opinions. The reviewing physicians considered the medical records and additional documentation submitted by Lewis.

Dr. Lichtenfeld found that

> The medical evidence does not support that Ms. Lewis' functional abilities were limited from 3/19/10 through [sic] present. Mrs. Lewis' physical examination revealed no significant muscle weakness, [sic] sensory deficits. She was alert and oriented. She reported no side effects from the medications and stated that her pain was 70% improved with medications. No limitations were noted from a Physical Medicine and Pain Medicine standpoint.

*See* AR[1] 112.

Dr. Acenas opined that

> Based on the medical evidence on file and from a psychiatric standpoint, the claimant's [sic] were not limited from 3/19/10 through the present. As per Dr. Baird's deposition statement on 5/17/10, the claimant was seen since 2005 and he stated that she has been having problems with her sleep, difficulty thinking and mood disorder with intermittent anxiety and depression. During all this time Dr. Baird did not feel the need to treat her for depression until 5/12/10 when she was started on Lexapro. From the time she was receiving care from Dr. Baird as far back to 2005, her depression has not been to the point of being in crisis that would have prompted Dr. Baird to seek a higher level of psychiatric intervention for [sic] such as a mental health referral which would have been suggestive of a mental impairment. The claimant was seen by Ilene Bush, LMFT on 4/22/10 and prior to that she was last

---

[1] Administrative Record

> seen by her in October 2007 which suggests that from October 2007 she has been emotionally doing fine. During that visit Ms. Lewis reported that her depression had been severe and she can't get out of bed and has not been answering her phone and having difficulty with her ADLs. These self reported symptoms were not substantiated by the MSE performed by Ms. Bush which was essentially normal."

*Id.*

Hartford informed Lewis by letter dated September 23, 2010 that a review of her claim had been completed and that no additional benefits were payable beyond March 18, 2010. With respect to the matters raised on appeal, Hartford noted that Lewis had essentially withdrawn her claim that she suffered from stress fractures in her feet, as there was no medical evidence of stress fractures. The court also found that there was no medical evidence of ulcerative colitis, hypertension, or abnormal EKG. There was no diagnosis of chronic fatigue syndrome. Fatigue, depression/anxiety, and chronic pain were reported as symptoms of fibromyalgia. However, Hartford noted that Lewis was not diagnosed nor treated by any mental health specialist. A needs assessment was performed by Ilene Bush but Lewis did not return. Upon examination in March of 2010, Lewis did not report any side effects from her medications and reported a 70% improvement in pain with medications. Hartford concluded that the medical evidence does not support that Lewis is unable to perform the Essential Duties of her occupation as a Family Dollar Assistant Manager. *See* AR-111 to 113.

The ERISA plan herein vests Hartford "full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." *See* AR-16. The court must uphold Hartford's denial of benefits if the decision was rational in light of the plan's provisions; that is, that the decision was reached as a result of a deliberate, principled reasoning process and is supported by substantial evidence. *Universal Hospitals of Cleveland v. Emerson Electric Co.,* 202 F.3d 839, 846 (6th Cir. 2000), *quoting Yeager v. Reliance Standard Life Insurance*

*Co.*, 88 F.3d 376, 381 (6th Cir. 1996); *Glenn v. MetLife*, 461 F.3d 660(6th Cir. 2006). Deference to Lewis' treating physician is not required. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822 (2003). An independent review of the record is proper, but not required. *Boone v. Liberty Life Assurance Co. of Boston*, 161 Fed.Appx. 469 (6th Cir. Dec. 20, 2005)("[T]his circuit has never held that a plan administrator must hire a physician to undertake an independent review of an applicant's records before denying benefits. *See, e.g., Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376 (6th Cir.1996); *see also Wages v. Sandler, O'Neill & Partners, L.P.*, 37 Fed.Appx. 108 (6th Cir.2002). And the circuit has upheld the decision of a plan administrator where a nurse reviewed the medical evidence. *See Wages*, 37 Fed.Appx. at 110").

There was a fulsome review of the file prior to Hartford's decision on Lewis' appeal. During the review process, Drs. Lichtenfeld and Acenas talked with Dr. Baird and considered his statement submitted with his additional treatment notes. Drs. Lichtenfeld and Acenas explained their opinions in detail. They also stated their bases for disagreeing with Dr. Baird's conclusion that Lewis was unable to perform the essential functions of her occupation due to disabling pain, fatigue and depression. We find that the decision to affirm the denial of disability benefits to Lewis was not arbitrary and capricious. *See, ie., Boone, supra.* ("Liberty, true enough, has not embraced the disability conclusions of these doctors. But it has not 'arbitrarily disregarded' them: It chose not to credit them because they were not supported by objective medical evidence, which is what the plan requires. In the context of an ERISA disability plan, moreover, neither courts nor plan administrators must give special deference to the opinions of treating physicians. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) ('[C]ourts have no warrant to require administrators automatically to accord special weight to the opinions of a

- 6 -

claimant's physician; nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation.')").

For the reasons set forth herein, the administrative decision will be upheld by separate judgment and order.

**IT IS SO ORDERED.**

December 14, 2011

**Charles R. Simpson III, Judge
United States District Court**